IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,503






EX PARTE JULIUS TURNER, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 26748-A IN THE 3RD

JUDICIAL DISTRICT COURT ANDERSON COUNTY 





 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for a writ of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was
convicted of two counts of aggravated sexual assault of a child. His punishment was
assessed at two concurrent terms of life in prison. Applicant's direct appeal was dismissed
in an unpublished opinion because notice of appeal was not timely filed. Turner v. State, No.
12-04-00272-CR (Tex. App.--Tyler, delivered September 22, 2004).

 Applicant contends that he was deprived of his right to appeal the convictions and
sentences and that he desired such an appeal. We remanded this application to the trial court
for findings of fact and conclusions of law.

 The trial court has determined, based on the record and testimony before it, that
applicant was entitled to an appeal but was never informed of this right. The court
recommends that applicant be granted a out-of-time appeal. These findings and conclusions
are supported by the record supplied to this Court. 

 We find, therefore, that applicant is entitled to the opportunity to file an out-of-time
appeal of the judgment of conviction in Cause No. 26748-A from the 3rd Judicial District
Court of Anderson County, Texas. Applicant is ordered returned to that time at which he
may give a written notice of appeal so that he may then, with the aid of counsel, obtain a
meaningful appeal. All time limits shall be calculated as if the sentence had been imposed
on the date on which the mandate of this Court issues. We hold that, should Applicant desire
to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the
trial court within 30 days after the mandate of this Court issues. Any remaining grounds for
habeas corpus relief are dismissed.


Delivered: September 20, 2006

Do Not Publish